UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CESAR LUIS VEGA MATEO | CIVIL ACTION NO. 26-0319 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHAD RICE, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is a "Motion for Preliminary Injunction Ordering Release Pending Final Judgment" (Record Document 4) filed by the habeas petitioner in this case, Cesar Luis Vega Mateo ("Petitioner").[1] Petitioner, a citizen of Cuba, entered the United States without inspection on February 20, 2022. See Record Document 1 at 6. He was apprehended shortly after his entry and charged with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). See id. On February 22, 2022, he was released from custody on an Order of Release on Recognizance pursuant to the Department of Homeland Security's discretionary authority under 8 U.S.C. § 1226. See id. Petitioner submits that he complied with the conditions of his release. See id. Petitioner alleges that he timely filed for asylum and was working as a truck driver with employment authorization and a valid commercial driver's license when he was arrested by ICE on January 22, 2026, after a traffic stop by local police for an inspection of his license. See id. He was in Immigration and Customs Enforcement ("ICE") custody in Alabama and subsequently transferred to the La Salle ICE Processing Center in Jena, Louisiana. See id.

---

[1] Petitioner also references an Order to Show Case as a basis for the requested emergency relief and a temporary restraining order ("TRO"). See Record Document 4 at 1-2. The instant ruling addresses all requested relief and disposes of the entirety of the motion.

On February 3, 2026, Petitioner filed a Habeas Petition. See Record Document 1. He alleges that his continued detention violates the Due Process Clause of the Fifth Amendment. See id. at 25-26. He further asserts he is not detainable under 8 U.S.C. § 1225(b)(2)(A) because he has lived in the United States for an extended period of time. See id. at 26. He submits that Section 1225(b)'s mandatory detention provisions are inapplicable. See id. Instead, Section 1226(a) governs and requires an individualized bond hearing. See id. at 24. Petitioner seeks immediate release. See id. at 23. Alternatively, he seeks a bail hearing before this Court or an individualized bond hearing before an immigration judge. See id. at 24.

Petitioner filed the instant motion for injunctive relief on February 17, 2026. See Record Document 4. He seeks a preliminary injunction directing Respondents to immediately release him pending resolution of his Habeas Petition. See Record Document 6 at 19. Alternatively, he seeks an individualized bond hearing. See id.

An applicant for a Motion for Preliminary Injunction[2] must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Speaks v. Kruse, 445 F.3d 396, 400 (5th Cir. 2006). Because a preliminary injunction is an extraordinary remedy, such relief should not be granted unless the party seeking it has clearly carried the burden

---

[2] As noted *supra*, Petitioner also references a TRO. The standards for a TRO and a preliminary injunctions are the same. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018). A TRO is extraordinary relief and should be rarely issued. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999).

of persuasion on all four requirements. See Valley v. Rapides Par. Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997). The movant must also unequivocally show the need for its issuance. See id.

Petitioner maintains that he is likely to succeed on the merits, that is, he falls outside the scope of 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision. Instead, he believes the controlling statute is 8 U.S.C. § 1226. Section 1226 provides that noncitizens may be detained; however, they are also eligible for a bond hearing with an Immigration Judge. However, Petitioner's position is foreclosed by Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated with 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

In Buenrostro-Mendez, the Fifth Circuit addressed a statutory interpretation issue presented by a class of noncitizens. 2026 WL 323330, *1. The noncitizens conceded they were applicants for admission, that is, aliens present within the United States who have not been admitted by lawful means. See id., citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A). Thus, the government maintained that petitioners were subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). See id. Conversely, petitioners argued "that, despite falling squarely within § 1225, they are nonetheless eligible for discretionary release on bond during removal proceedings" pursuant to 8 U.S.C. § 1226(a)(2). See id. The Fifth Circuit held that the government's position was correct and reversed the district courts' orders to provide petitioners with

bond hearings or release them. See id. In light of this recent decision, this Court cannot find that Petitioner is likely to succeed on the merits of his Habeas Petition.[3]

Additionally, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release or a bond hearing. Preliminary injunctions should not conclusively decide disputes and should not be used to rule on the final, merits question. See Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026), citing Lackey v. Stinnie, 604 U.S. 192, 200 (2025). TROs and preliminary injunctions are meant to preserve the status quo until a final disposition is rendered. See id., citing Lackey, 604 U.S. at 193. TROs and preliminary injunctions should not protect the status quo "unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Id., citing Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an order of immediate release from custody or to compel a bond hearing, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

---

[3] Petitioner contends his constitutional claims (Due Process Clause of the Fifth Amendment) are not foreclosed by Buenrostro-Mendez, 2026 WL 323330. See Record Document 6 at 7-9. For this reason, the Court has set forth an additional ground for denial of injunctive relief.

4

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Preliminary Injunction Ordering Release Pending Final Judgment" (Record Document 4) is hereby **DENIED**. This matter is hereby **REFERRED** to Magistrate Judge Whitehurst for Report and Recommendation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE